UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MWG ENTERPRISES, LLC, d/b/a ATLAS HEALTH SERVICES, LLC )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>ETS WOUND CARE, LLC, and )<br>THOMAS E. DAY )<br>)<br>)<br>Defendants. ) | Case No. 4:19-CV-00424 |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff MWG Enterprises, LLC's Motion to Compel (Doc. [37]).  For the reasons stated below, the Motion will be granted in part and denied in part.

**I.     Background**

In July of 2017, Plaintiff MWG Enterprises, LLC ("MWG"), and Defendant ETS Wound Care, LLC ("ETS"), entered into an agreement for the sale of a medical care product called Mirragen™.  Doc. [1] at 1-2.  The agreement granted MWG the exclusive right to sell Mirragen™ in certain territories, but it also required MWG to purchase from ETS a minimum amount of Mirragen™.  *Id*. ¶¶ 15, 18.  ETS terminated the agreement in July of 2018, claiming MWG had not used its best efforts in selling the Mirragen™ it had purchased.  *Id*. ¶¶ 40-41.

After failed attempts to renegotiate the agreement, MWG filed suit in this Court, alleging in part that ETS's termination was wrongful.  *Id*. ¶ 79.  MWG also alleges that ETS wrongfully allowed other distributors to sell Mirragen™ in MWG's exclusive territory and undercut MWG's

1

pricing schedule for its sales to the federal government. *Id*. ¶¶ 71, 82.  ETS filed a counterclaim in which it again accuses MWG of failing to use best efforts in its sales of Mirragen™.  Doc. [15] at 36.

MWG served on ETS interrogatories and requests for production seeking information regarding other distributors' purchases and sales of Mirragen™.  Doc. [38] at 3.  ETS objected to several of the requests as irrelevant, overly broad, and unduly burdensome.  *Id*. at 4.  MWG then filed the instant motion, asking the Court to compel ETS to respond to its discovery requests.  Doc. [37].  MWG's motion is fully briefed and ripe for disposition.

**II.    Standard of Review**

District courts are afforded wide discretion in handling discovery matters.  *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 4:12–MC–624–JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)).  Under the Federal Rules of Civil Procedure, relevant information is generally discoverable, provided the burden of producing it is proportional to its significance to the case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc. Ret. Plans Comm.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing

*CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10CV01863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)).

**III.     Discussion**

The requests in dispute are MWG's Interrogatory 6 and Requests for Production 9, 19, and 20.  The first three of these requests seek similar information, so the Court will address those requests collectively and Request for Production 20 separately.

**A.  Interrogatory 6 and Requests for Production 9 and 19.**

Interrogatory 6 asks ETS to "[i]dentify all Mirragen™ purchased from ETS by purchaser, the date of each purchase, the amount of each purchase, the quantity and type of Mirragen™ in each purchase, and, if known, the intended end-customer of each purchase."  Doc. [38-1] at 8.  Request for Production 9 asks ETS to produce "[a]ny and all Communications and Documents sufficient to show the total amount of Mirragen™ purchased from ETS by distributors, Purported Distributors, or other customers, other than Plaintiff."  Doc. [38-2] at 10.  And Request for Production 19 seeks "[d]ocuments sufficient to show the amount of Mirragen™ sold by any distributor or Purported Distributor, on a distributor by distributor basis."  *Id*. at 12.

MWG claims this information is relevant to whether "ETS allowed other distributors to sell inside MWG's exclusive territories" and whether "MWG failed to use 'best efforts' . . . ."  Doc. [38] at 2.  MWG further claims that because the relevant time period in this case is only two years, its requests are necessarily limited in scope and not unduly burdensome.  *Id*. at 7.

ETS counters that MWG's requests seek sales data from all Mirragen™ distributors, including data from outside of MWG's exclusive territory.  That information, ETS argues, "does not correspond to the needs of ascertaining alleged violations *within* the former exclusive territories," and therefore is not sufficiently tailored to the issues in this case.  Doc. [40] at 5.

3

The Court share's ETS's skepticism that sales data from distributors that did business *outside* of MWG's exclusive territory will be relevant to MWG's claims that ETS allowed rival distributors to sell Mirragen™ *within* that territory.  On the other hand, a comparison of MWG's sales data to that of other Mirragen™ distributors does seem likely to be relevant to the disputed question of whether MWG used its "best efforts" to sell the Mirragen™ it purchased.  Therefore, the Court will grant MWG's Motion as to Interrogatory 6 and Requests for Production 9, 19.

### B. Request for Production 20

Request for Production 20 seeks "[a]ny and all Documents calculating Mirragen™ revenue and expenses."  Doc. [38-2] at 13.  MWG claims the documents are relevant to its claim that ETS undercut MWG's pricing schedule with the federal government.[1]  Doc. [38] at 9.  ETS points out that MWG's request, as written, would require it to produce documents concerning *all* of its Mirragen™ pricing, not just its pricing for sales to the federal government.  Doc. [40] at 6.

The Court agrees with ETS that Request for Production 20, as written, is not limited to information that is relevant to MWG's claim.  As such, the Court will deny MWG's Motion as to Request for Production 20 *except* as to "Documents calculating Mirragen™ revenue and expenses" in relation to sales to the federal government.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff MWG Enterprises, LLC's Motion to Compel (Doc. [37]) is **GRANTED in part** and **DENIED in part**.

---

[1] In its Reply, MWG also asserts that this information is relevant to ETS's claim that MWG failed to use its "best efforts."  Doc. [41] at 8.  The Court has already granted substantial discovery on that issue.  *See* Section II.A, *supra*.  Plus, the argument was not raised in MWG's initial briefing, so the Court will disregard it.  *See Fay Fish v. United States*, 748 F. App'x 91, 92 n.2 (8th Cir. 2019) (explaining that a reply brief is "too late" to properly raise a new argument).

**IT IS FURTHER ORDERED** that Defendant ETS Wound Care, LLC, shall answer Plaintiff's Interrogatory 6 no later than **December 7, 2020**, and shall produce all documents responsive to Requests for Production 9 and 19 no later than **December 7, 2020**.

**IT IS FINALLY ORDERED** that Defendant ETS Wound Care, LLC, shall produce all documents responsive to Request for Production 20 relating to Mirragen™ sales to the federal government, no later than **December 7, 2020**.

Dated this 30th day of October, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE