UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MWG ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:19-cv-00424 |
| | ) | |
| ETS WOUND CARE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' unopposed Motion to Substitute Ms. Kim Day for Defendant Donnie Buck.  Doc. [106].  Defendants' Motion is **DENIED without prejudice**.

### BACKGROUND

On March 8, 2019, Plaintiffs filed suit against Defendants ETS Wound Care, LLC, and Thomas "Ted" Day.  Docs. [106] ¶ 1.  On September 14, 2020, Ted Day passed away.  Docs. [47] and [47-1].  On October 2, 2020, Defendant ETS filed a Suggestion of Death and Motion for Substitution of Donald "Donnie" Buck as Ted Day's representative in the lawsuit, Doc. [47], which was granted.  Doc. [48].  At that time, no personal representative had been appointed to represent Ted Day's estate, Doc. [106] ¶ 5, and it was not until March 24, 2021, that Day's widow, Kimberly "Kim" Day, was appointed as the personal representative.  Docs. [106] ¶ 6, [106-1].  Defendants filed this uncontested Motion to substitute Ms. Day for Donnie Buck, stating that Ms. Day waives service of this Motion and a notice of hearing.  Doc. [106] ¶ 9.  The docket does not indicate that Ms. Day has been served with Defendants' substitution motion, a notice of hearing, or the statement of death.

### DISCUSSION

When a party dies during the litigation and the action does not abate, the Court may order substitution of the proper party.  Fed. R. Civ. P. 25(a)(1).  To move for substitution, the proper movant must serve its motion, a notice of hearing, and a statement noting death on all parties pursuant to Rule 5 and on all nonparties pursuant to Rule 4.  Fed. R. Civ. P. 25(a)(3).  If the motion is filed later than 90 days after service of the statement noting death,

the action by or against the decedent must be dismissed.  Fed. R. Civ. P. 25(a)(1).  The rule applies when, as here, the litigants seek to bring a decedent party's estate into the lawsuit. *See, e.g., Giles v. Campbell*, 698 F.3d 153, 158 (5th Cir. 2012) ("Campbell's executrix, representing his estate, is a nonparty to Giles's lawsuit and, thus, must have been served pursuant to Rule 4."); *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that Rule 25 requires service "on nonparties, specifically the successors or representatives of the deceased party's estate . . . .").

Defendants do not claim to have satisfied Rule 25(a)'s nonparty service requirements. Instead, they represent to the Court that Ms. Day waived service.  Doc. [106] ¶ 9.  That representation alone is insufficient to satisfy Rule 25.

Rule 25's nonparty service requirement serves two important functions:  It assures actual notice to the proper nonparty, *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994), and it brings such nonparties within a court's jurisdiction before ordering substitution.  *Cf. Ransom v. Brennan*, 437 F.2d 513, 516-18 (5th Cir. 1971).  Because a nonparty personal representative of a decedent litigant's estate may not be represented by the decedent's counsel, that representative may be unaware of the need to join the lawsuit.  *Barlow*, 39 F.3d at 233; *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).  Moreover, because Rule 4 is considered jurisdictional, Rule 25(a)(3) ensures that a court first obtains personal jurisdiction over a nonparty personal representative before granting substitution. *Cf. Giles*, 698 F.3d at 158; *Ransom*, 437 F.2d at 518.  Courts therefore consider service on a personal representative in a manner conforming with Rule 25(a)(3) and Rule 4 to be a prerequisite to valid substitution and exercise of personal jurisdiction.  *See Benacquisto v. Am. Express Fin. Corp.*, 2021 WL 2229805, at *3 (D. Minn. May 5, 2021).  And they treat failure to properly serve as a basis to regard the substitution motion as a legal nullity.  *Giles*, 698 F.3d at 159 (citing *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008)) ("Because neither the Government nor Giles served the estate pursuant to Rule 4, we treat their filings as nullities and conclude that the District Court lacked personal jurisdiction over the estate.") (internal citation omitted).

Turning to this case, Defendants admit that Ms. Day was not served according to the process prescribed by Rule 25(a).  Therefore, a prerequisite for this Court to exercise personal jurisdiction over Ms. Day has not been satisfied.  The Court is unmoved by

Defendants' unsupported assertion that Ms. Day waives service.  Ms. Day has filed no waiver of service with the Court, and there is no indication that counsel for Defendants have authority to waive service on Ms. Day's behalf.  Because Ms. Day herself has neither received nor waived service, Defendants have not satisfied Fed. R. Civ. P. 25(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Substitute Ms. Kim Day for Defendant Donnie Buck, Doc. [106], is **DENIED without prejudice**.

Dated this 3rd day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE